**Victor CARABALLO, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 84–1671 (JP).**

United States District Court, D. Puerto Rico.

Sept. 24, 1987.

Nydia González Ortíz, Legal Services of P.R., Inc., Yauco, P.R., for plaintiff.

Wanda Rubianes, Asst. U.S. Atty. U.S. Attorneys Office, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

This is an action filed under 42 U.S.C. section 405(g), seeking review of a final decision of the Social Security Administration. The claimant was denied Retirement Insurance Benefits by the Secretary of Health and Human Services (the Secretary), because Caraballo had not, at the time of the original application, reached the required age of 62.

Caraballo's original application as filed on June 26, 1983. At that time, Caraballo claimed his date of birth as June 28, 1921. On August 12, 1983, Caraballo's petition that his birth registry records be altered to his claimed date of birth was granted in the Superior Court of Puerto Rico. Caraballo argues that this judicial determination is binding because of the full faith and credit clause of the United States Constitution. Art. IV, section 1. More precisely, full faith and credit is extended by federal courts to decisions of state courts under statutory, not constitutional, authority. 28 U.S.C. section 1738.

The decision of the Superior Court of Puerto Rico, however, did not and, meta-

physically speaking, *could not* change the day on which Caraballo was born. The Superior Court could only alter the record of Caraballo's birth.

This is not, then, a metaphysical matter, but rather an epistemological one. The question is: What evidence should the Secretary accept for proof of Caraballo's date of birth? Caraballo offers what he contends is conclusive evidence, the record from the Bureau of Demographic Registry and Vital Statistics of the Department of Health. Title 24, section 1237 of the Laws of Puerto Rico, however, reads in part: "A copy of the record of any birth, marriage, or death shall constitute prima facie evidence in all courts of justice of the facts set forth therein, after being certified by the Secretary of Health or any person authorized by him." The Supreme Court of Puerto Rico has stated that

> The proof of age as appears from the certificate issued by the Registry of Vital Statistics can be overcome by other evidence which may carry to the mind of the trier of facts the conviction that the date of birth of a person is other than that stated therein.

*Bigas, Sucrs. v. Industrial Commission,* 71 P.R.R. 313, 319 (1950). Caraballo's birth certificate, then, is not the final word on the matter. In determining Caraballo's date of birth, his birth certificate is *evidence* of the date, but does not ordain that date as true and correct.

The Secretary need not, therefore, be restricted by 28 U.S.C. section 1738 in determining Caraballo's date of birth. The Secretary did make such a determination in conformity with applicable federal regulations. Those regulations, in fact, do not consider "a delayed birth certificate," which is what Caraballo possesses, "the best evidence of ... age." 20 C.F.R. § 404.716. The Secretary made an age determination, then, on the basis of the evidence before it.

Accordingly, upon full review of the record in this case, the Court is of the opinion that the decision of the Secretary is supported by substantial evidence and is thus entitled to AFFIRMANCE.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.